887 F.2d 1086
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sam BARLEY; Charles J. Duncan, Plaintiffs-Appellants,
v.
Charles E. HAWK; E. Eugene Eblen, Defendants-Appellees.
 Nos. 89-5217, 89-5218.
 United States Court of Appeals, Sixth Circuit.
 Oct. 13, 1989.
 
 Before BOGGS and ALAN E. NORRIS, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Sam Barley and Charles Duncan, Tennessee prisoners proceeding pro se and in forma pauperis, appeal the order of the district court dismissing their cause of action filed pursuant to 42 U.S.C. Sec. 1983. These cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The plaintiffs brought this civil rights action seeking declaratory and injunctive relief and a preliminary injunction ordering defendants to commence the process in their petitions for the writ of habeas corpus filed in the state courts.
 
 
 3
 The district court found that the plaintiffs were seeking a speedier release by requesting the district court to interfere with a state court proceeding. The court dismissed the complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d).
 
 
 4
 On appeal the plaintiffs argue that they are not seeking a speedier release, but are simply asserting their right to access to the courts.
 
 
 5
 Upon review, we affirm the district court's holding that the complaint is frivolous. We note, however, that the standard for "frivolousness" was recently addressed by the Supreme Court in Neitzke v. Williams, 109 S.Ct. 1827 (1989). In discussing the scope of 28 U.S.C. Sec. 1915(d), the Court stated that "the statute accords judges not only authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 109 S.Ct. at 1833.
 
 
 6
 Plaintiffs' complaint is based on a indisputably meritless legal theory. Plaintiffs' displeasure with the progress of their state habeas petitions cannot form a basis for a cause of action under 42 U.S.C. Sec. 1983. Plaintiffs are attempting to expand the scope of a proper action under Sec. 1983. When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate or speedier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).
 
 
 7
 Accordingly, for the reasons set forth in the district court's order of dismissal, we hereby affirm the judgment of the district court pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.